No. 16-6740

## IN THE UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

JAMES TIMOTHY SAMPLES,

*Petitioner-Appellant,*

v.

DAVID BALLARD, Warden,
Mount Olive Correctional Facility,

*Respondent-Appellee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
NO. 2:14-CV-15413

### RESPONSE BRIEF OF APPELLEE DAVID BALLARD

OFFICE OF THE ATTORNEY
GENERAL
812 Quarrier Street, 6th Floor
Charleston, WV 25301
Telephone: (681) 313-4545
Fax: (304) 558-5833
Email: Shannon.F.Kiser@wvago.gov

PATRICK MORRISEY
 ATTORNEY GENERAL
ELBERT LIN
 SOLICITOR GENERAL
SHANNON FREDERICK KISER
 *Assistant Attorney General*
 *Counsel of Record*

*Counsel for Respondent-Appellee*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. __16-6740__    Caption: _James Timothy Samples v. David Ballard, Warden_

Pursuant to FRAP 26.1 and Local Rule 26.1,

_David Ballard, Warden_
(name of party/amicus)

_____

who is ___Respondent-Appellee___, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.    Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2.    Does party/amicus have any parent corporations?                         ☐ YES ☑ NO
      If yes, identify all parent corporations, including all generations of parent corporations:

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
      other publicly held entity?                                            ☐ YES ☑ NO
      If yes, identify all such owners:

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?     ☐YES ☑NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question)     ☐YES ☑NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?     ☐YES ☑NO
    If yes, identify any trustee and the members of any creditors' committee:

Signature: /s/ Shannon Frederick Kiser          Date: September 2, 2016

Counsel for: David Ballard, Warden

## CERTIFICATE OF SERVICE
****************************

I certify that on ___September 2, 2016___ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

/s/ Shannon Frederick Kiser                              September 2, 2016
        (signature)                                           (date)

- 2 -

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................. 1

STATEMENT OF ISSUES ................................................................................... 2

STATEMENT OF THE CASE ............................................................................. 2

    I.    Petitioner's Underlying Criminal Conviction and Direct Appeal ........... 3

    II.   Petitioner's First and Second State Habeas Petitions ............................ 3

    III.  Petitioner's First § 2254 Petition ............................................................. 7

    IV.  Petitioner's Third State Habeas Petition and Subsequent Appeal. ......... 8

    V.   Petitioner's Second § 2254 Petition. ...................................................... 9

    VI.  Petitioner's Objections to the Proposed Findings and Recommendation, and the Introduction of New Claims Within Those Objections. .......... 11

SUMMARY OF ARGUMENT ............................................................................ 14

ARGUMENT ...................................................................................................... 18

    I.    THE DISTRICT COURT IS NOT REQUIRED TO CONSIDER ISSUES RAISED FOR THE FIRST TIME DURING A HABEAS PETITIONER'S OBJECTIONS TO A MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATION. .................... 18

        A.   This Court's Holding in *United States v. George*, 971 F.2d 1113 (4th Cir. 1992), Does Not Control Petitioner's Case. ................. 18

        B.   There Is No Merit to Petitioner's Suggestion That He Has Merely Offered New Arguments in Support of a Previously Raised Issue ................................................................................................. 22

i

II.    THE DISTRICT COURT SHOULD BE AFFIRMED BECAUSE PETITIONER EITHER WAIVED HIS NEW CLAIMS OR THE DISTRICT COURT PROPERLY EXERCISED ITS DISCRETION TO REFUSE TO CONSIDER THE NEW CLAIMS ................................. 25

    A.    Petitioner Has Waived His New Claims by Raising Them for the First Time in His Objections to the Magistrate's Proposed Findings and Recommendation.................................................... 25

    B.    Even If the District Court Had Discretion to Consider Petitioner's New Claims, the District Court Did Not Abuse Its Discretion by Refusing to Do So. ...................................................................... 28

CONCLUSION ..................................................................................... 33

## TABLE OF AUTHORITIES

### Cases

*Cupit v. Whitley*,
    28 F.3d 532 (5th Cir. 1994)..........................................................................26, 29

*Freeman v. Cty. of Bexar*,
    142 F.3d 848 (5th Cir. 1998)..............................................................................28

*Greenhow v. Sec'y of Health and Human Servs.*,
    863 F.2d 633 (9th Cir. 1988)..............................................................................30

*Harris v. Hutchinson*,
    209 F.3d 325 (4th Cir. 2000)..............................................................................24

*Losh v. McKenzie*,
    277 S.E.2d 606 (W. Va. 1981) .............................................................................6

*Marshall v. Chater*,
    75 F.3d 1421 (10th Cir. 1996).............................................................................26

*Martinez v. Ryan*,
    132 S.Ct. 1309 (2012) ...................................................................8, 9, 12, 13, 30

*Murr v. United States*,
    200 F.3d 895 (6th Cir. 2000)..............................................................................26

*O'Brien v. Moore*,
    395 F.3d 499 (4th Cir. 2005)..........................................................................22, 23

*Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*,
    840 F.2d 985 (1st Cir. 1988) .........................................................................26, 29

*Rose v. Lundy*,
    455 U.S. 509 (1982) ..........................................................................................24

*Samples v. Ballard*,
    No. 11-1656, 2013 WL 1501421 (W. Va. Apr. 12, 2013)....................................7

*Samples v. Ballard*,
    Case No. 2:13-cv-11638, 2014 WL 1338562 (S.D.W. Va. Jan. 21, 2014) 7, 8, 13

*Samples v. Ballard*,
    Case No. 2:13-cv-11638, 2014 WL 1342312 (S.D.W. Va. Mar. 31, 2014)..... 7, 8

*Samples v. Ballard*,
    No. 13-0833, 2014 WL 1345463 (W. Va. Apr. 4, 2014)......................................9

*United States v. George*,
  971 F.2d 1113 (4th Cir. 1992)...................1, 14, 15, 18, 19, 20, 21, 22, 24, 25, 32
*United States v. Howell*,
  231 F.3d 615 (9th Cir. 2000)..............................................................................28
*United States v. Humphreys*,
  194 F.3d 1306 (4th Cir. 1999) (unpublished table disposition)....................14, 21
*United State v. Raddatz*,
  447 U.S. 667 (11th Cir. 1980)...........................................................................29
*Walker v. Stinson*,
  205 F.3d 1327 (2d Cir. 2000) (unpublished table disposition)...........................28
*Ward v. United States*,
  208 F.3d 216 (6th Cir. 2000) (unpublished table disposition)...........................26
*Williams v. McNeil*,
  557 F.3d 1287 (11th Cir. 2009)....................................................................28, 29

## Constitutional Provisions

U.S. Const. art. III, § 1 ...........................................................................................29

## Statutes

28 U.S.C. § 636(b)(1)(B)...................................................................................17, 19
28 U.S.C. § 2244 ....................................................................................................15
28 U.S.C. § 2244(d)(1)(D) ......................................................................................24
28 U.S.C. § 2254 .....................................................7, 9, 15, 16, 22, 23, 25, 27, 30
28 U.S.C. § 2254(d)..................................................................................................23
28 U.S.C. § 2254(e)(2) .............................................................................................23

## INTRODUCTION

In this appeal, Petitioner asks this Court to by the first to require a district court to consider previously unraised claims asserted by a federal habeas petitioner for the first time in his objections to a magistrate's proposed findings and recommendation. Petitioner, James Timothy Samples, does not dispute that he failed to raise the six claims at issue in his federal habeas petition. Rather, he requests that this Court extend the holding of *United States v. George*—a case that does not involve a habeas petition—to find that his six novel claims, raised for the first time in his objections to the magistrate's proposed findings, are entitled to *de novo* review by the district court despite their improperly-raised nature. Petitioner's request is something that this Court has previously declined and something no other federal court of appeals has ever done.

Petitioner can cite no precedent to support his cause because granting Petitioner's requested relief would be inconsistent with the Antiterrorism and Effective Death Penalty Act, and frustrate its purpose of timeliness and exhaustion principles. Petitioner's new claims arrived at such a critically late point of his habeas proceedings that the entirety of his properly-raised claims had been adjudicated. And so, any procedure wherein Petitioner is entitled to *de novo* review of previously-unraised, potentially unexhausted and untimely claims would run afoul of long-standing habeas corpus precedent.

1

This Court should reject Petitioner's novel request and affirm the district court's denial to review Petitioner's late-arriving claims. In doing so, this Court may find that Petitioner waived his new claims by failing to raise them in an appropriate manner, or find that the district court did not abuse its discretion by refusing to review those claims.

## STATEMENT OF ISSUES

I.  Whether a district court has discretion to deny review of novel claims raised by a habeas petitioner for the first time in his objections to a magistrate judge's Proposed Findings and Recommendation.

## STATEMENT OF THE CASE

The procedural history of this case shows that, despite numerous opportunities, Petitioner did not raise his claims of ineffective assistance of habeas counsel until his objections to the magistrate's Proposed Findings and Recommendation on his *second* habeas petition. Since being convicted and sentenced to life without parole eighteen (18) years ago, Petitioner has filed three (3) state habeas petitions and two (2) federal habeas petitions. Petitioner's first federal habeas petition was dismissed for his failure to properly exhaust his state remedies, and the magistrate explicitly instructed Petitioner of his need to properly raise his claims—both in state and federal court—before they could be properly adjudicated in federal court. Despite this instruction, evident from the posture

2

below, Petitioner failed to raise his claims in his second federal petition, and instead, improperly raised his claims following the entry of the magistrate's proposed findings.

## I.    Petitioner's Underlying Criminal Conviction and Direct Appeal

In January 1998, a jury in the Circuit Court of Kanawha County, West Virginia ("circuit court"), convicted James Timothy Samples ("Petitioner") of first-degree murder during the commission of an aggravated robbery and burglary.  JA 128-29.  The jury recommended that Petitioner be denied the possibility of parole due to the nature of the crime.  *Id*.  The circuit court thereafter ordered that Petitioner serve a life sentence, without the possibility of parole, on February 6, 1998.  *Id*.  Petitioner unsuccessfully appealed his conviction to the Supreme Court of Appeals of West Virginia ("WVSCA").  JA 130.

## II.    Petitioner's First and Second State Habeas Petitions

Petitioner initiated post-conviction proceedings on October 15, 1999, by filing a *pro se* Petition for Writ of Habeas Corpus in state court.  *Id*.  In his *pro se* Petition, Petitioner raised various claims, including ineffective assistance of counsel claims.  Those claims, quoted below, are the six claims at issue in this appeal that Petitioner never properly pleads in a federal petition:

> 4.    Petitioner was denied his constitutional right to effective assistance of counsel as guaranteed by the Sixth Amendment to the U.S. Constitution.

3

A.    Counsel failed to request a bifurcated trial.

B.    Counsel failed to secure a petit jury free of all disqualifications.

C.    Counsel failed to seek sequestration of the jury despite the magnitude of the charges facing their client.

D.    Counsel failed to perform tests recommended by Mr. Larry Dehus, a Forensic Scientist, to exclude certain state exhibits.

E.    Counsel failed to submit the *curriculum vitae* of their defense experts despite the jurors' obvious need for such information when they determined the weight and authority to assign to their testimony.

F.    Counsel failed to locate or interview Terry Felhauser, who installed the deadbolt on 2222 Zabel Drive, Apt. C, and who had keys to the deceased's apartment.

JA 130-31.[1]

The petitioner was unsuccessful, but resulted in the appointment of post-conviction counsel. On March 3, 2001, the circuit court summarily dismissed the Petition without appointing an attorney or conducting an omnibus evidentiary hearing. JA 131. Petitioner appealed the dismissal to the WVSCA, which subsequently Ordered that Petitioner be appointed counsel and be permitted to conduct an omnibus evidentiary hearing on the veracity of his claims. JA 133. The circuit court thereafter appointed Kanawha County Deputy Public Defenders

---

[1] Grounds One, Two, Three, and Five are irrelevant for purposes of consideration on this appeal, and have been omitted from the cited text. *See* JA 130-31.

Gregory L. Ayers and Paula Cunningham to represent Petitioner throughout his post-conviction proceedings. JA 134.

On September 26, 2006, Petitioner, by counsel, filed an Amended Petition for Writ of Habeas Corpus. He again raised various arguments of ineffective assistance of counsel, but abandoned four of his earlier claims:

> 1. Samples was denied his right to due process of law, a fair sentencing process, a fair and impartial jury, and the effective assistance of counsel guaranteed by the Fourteenth and Sixth Amendments to the United States (U.S.) Constitution and Article III, §§ 10 and 14 of the W. Va. Constitution, respectively, when both the trial court and his trial counsel failed to voir dire his trial jurors and determine that they were willing to consider making a recommendation of mercy if they found Samples guilty of first degree murder.
>
> 2. Samples was denied his state and federal due process rights to a fair trial and the effective assistance of counsel, see ¶ [1] above, when the prosecutor in closing argument told the jury it should not recommend mercy, because Samples did not show Joanna Sigmon any mercy; and defense counsel failed to object to this argument.
>
> 3. Samples was denied his state and federal constitutional rights to the effective assistance of counsel, see ¶ [1] above, when his trial counsel advised the jury, and permitted the jury to be advised, several times, that Samples was a convicted felon who had been to the penitentiary, was on parole at the time of the offense in this case, and had violated his parole; and trial counsel did not request a limiting instruction to the jury concerning this evidence. . . .

> ### Other potential claims (raised under *Losh v. McKenzie*)
>
> A. Samples was denied his constitutional right to the effective assistance of counsel when his trial counsel failed to investigate

his background and present mitigating evidence to the jury on his behalf which could have . . . persuaded the jury to recommend mercy.

B.  Samples was denied his constitutional rights to the effective assistance of counsel of counsel when his trial counsel failed to consider bifurcating his trial and failed to discuss bifurcating his trial with him.

C.  Samples was denied his constitutional rights to the effective assistance of counsel when his trial counsel (1) failed to obtain the state police lab information/material (lab notes, bench notes, worksheets, summaries, computer printouts, auto rads, etc.) regarding the lab's DNA testing and evidence in his case; and (2) further failed to investigate that DNA evidence by having an independent expert evaluate that evidence.

D.  Samples was denied his constitutional rights to the effective assistance of counsel when trial counsel failed to adequately investigate Jeff Johnson's background and discover impeachment evidence which could have been presented at trial.

JA 134-35.[2]

The petition was again unsuccessful. The circuit court held an omnibus evidentiary hearing on May 12, 2011. JA 135. At the hearing, Petitioner abandoned his other potential claims raised under *Losh v. McKenzie*, 277 S.E.2d 606 (W. Va. 1981), instead focusing on the primary claims—claims one, two and three above—within his Amended Petition. *Id*. On October 31, 2011, the circuit court denied Petitioner relief after considering the claims on their merits. *Id*.

---

[2] Ground Four is irrelevant for purposes of consideration on this appeal, and has been omitted from the cited text. *See* JA 134.

Petitioner appealed the circuit court's denial to the WVSCA on November 30, 2011, challenging the circuit court's rulings on Grounds One, Three and Four of his Amended Petition. JA 135-36. The circuit court's denial of Ground Two, stated above, was not challenged on appeal. *Id*. The WVSCA issued a Memorandum Decision affirming the circuit court's denial of post-conviction relief on April 12, 2013. JA 136; *see also Samples v. Ballard*, No. 11-1656, 2013 WL 1501421 (W. Va. Apr. 12, 2013).

As a result, following two state post-conviction petitions, Petitioner had raised six claims of ineffective assistance but exhausted only one. Construed liberally, Petitioner only raised, litigated, and appealed his claim that trial counsel failed to properly secure a petit jury free from disqualifications. The remainder of Petitioner's original claims are unexhausted.

## III.  Petitioner's First § 2254 Petition

Petitioner then sought federal collateral review within the United States District Court for the Southern District of West Virginia ("district court"). Petitioner filed his first Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus on May 17, 2013. JA 137 at n. 1; *see also Samples v. Ballard*, Case No. 2:13-cv-11638, ECF No. 1 (S.D.W. Va. May 17, 2013). Therein, Petitioner alleged his exhausted claim that counsel failed to voir dire prospective jurors as to whether they would be able to grant Petitioner the possibility of parole if he were

7

found guilty of first-degree murder. *Id*. Petitioner also raised an unexhausted claim that he suffered ineffective assistance of counsel by the "acts of commission and the acts of omission" of trial counsel. *Id*.

The magistrate recognized that the entirety of Petitioner's claims were not exhausted, and found that Petitioner had not pled facts excusing the procedural default. JA 253. But the magistrate judge's Proposed Findings and Recommendation suggested that Petitioner could argue to excuse procedural default under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), which excuses procedural default on claims resulting from the ineffective assistance of habeas counsel. Specifically, the magistrate judge "referenced the *Martinez* standard explicitly and stated that '[Petitioner] will have the opportunity to address the *Martinez* requirements in his new [federal] petition, should he choose to file one." *Id*. On March 31, 2014, the district court dismissed the Petition, without prejudice, for failure to exhaust state court remedies. JA 137 at n. 1; *see also Samples v. Ballard*, Case No. 2:13-cv-11638, 2014 WL 1342312 (S.D.W. Va. Mar. 31, 2014).

## IV.    Petitioner's Third State Habeas Petition and Subsequent Appeal

Rather than follow the magistrate's invitation to file a new federal petition addressing procedural default, Petitioner filed a third state Petition for Writ of Habeas Corpus on June 13, 2013. Importantly, Petitioner neither alleged ineffective assistance of trial counsel regarding his five unexhausted claims, nor

8

did he allege ineffective assistance of habeas counsel for allegedly failing to adjudicate those claims. *See* JA 136-37. The circuit court summarily dismissed Petitioner's claims on July 19, 2013. JA 137. Petitioner appealed the dismissal to the WVSCA, which affirmed the decision in a Memorandum Decision entered April 4, 2014. *Id*; *see also Samples v. Ballard*, No. 13-0833, 2014 WL 1345463 (W. Va., Apr. 4, 2014).

## V. Petitioner's Second § 2254 Petition

Petitioner then filed a second § 2254 Petition within the district court on April 28, 2014. All grounds raised by Petitioner were previously exhausted, but Petitioner failed to include any ground involving either the six "errors of omission" from the original state petition or ineffective assistance of habeas counsel. Petitioner neither raised nor factually supported any *Martinez* claim. Still, Petitioner raised virtually every other exhausted claim he had ever raised in his state habeas proceedings and direct appeal:

> 1.  Petitioner was denied a fair and impartial jury and a fair sentencing process as secured by the First, Fifth, Sixth, Eighth and Fourteenth Amendments to the [United States] Constitution . . . when his trial counsel failed to voir dire the prospective jurors on the mercy issue and two member[s] of the petit jury subsequently acknowledged they would not consider mercy as an option in a 1st Degree Murder case.

9

2. Petitioner was denied meaningful and effective assistance of counsel as secured by the First, Sixth, Eighth and Fourteenth Amendments to the [United States] Constitution . . . by the acts of commission and the acts of omission of Ray Keener, III, Co-Defense Counsel and Matthew Anthony Victor, Co-Defense Counsel.

   A. Mr. Keener and Mr. Victor did not voir dire the prospective jurors on whether they would impartially consider a recommendation of mercy if they found their client guilty of murder in the first degree (See Ground One).

   B. Mr. Keener and Mr. Victor informed the jury, and permitted the jury to be informed by the prosecution, that their client was a convicted felon who had been sent to the penitentiary, he was still under supervision when the alleged offenses occurred, he had violated the terms of his parole, and he was attempting to evade his parole officer.

   C. Mr. Keener and Mr. Victor failed to propose a limiting instruction for the judge to give the jury regarding the [Petitioner's] prior conviction and parole status.

   D. Mr. Keener and Mr. Victor failed to insure that two defense witnesses, Luther Basham and James Pelphrey[,] did not appear before the petit jury in distinctive prison garb in restraints, and obviously under the supervision of prison officers as a violation of Petitioner's right to a fair and impartial jury trial as secured by the Fifth, Sixth, and Fourteenth Amendments of the [United States] Constitution.

3. The indictment returned by the Grand Jury of Kanawha County, West Virginia, alleged [P]etitioner committed the offense of premeditated First Degree Murder and therefore the indictment was constitutionally insufficient because the essential elements of First Degree Murder, Felony Murder, were not clearly stated in the indictment.

4.    Petitioner was denied due process of law as secured by the Fifth and Fourteenth Amendments to the [United States] Constitution . . . when the prosecuting attorney failed to prove all elements of robbery or burglary.

5.    The State Court denied [P]etitioner due process of law as secured by the Fifth and Fourteenth Amendments to the [United States] Constitution . . . when the Circuit Court denied Petitioner's Motion for Acquittal at [the] conclusion of the State's case-in-chief.

6.    Petitioner was denied a fair and impartial jury trial as secured by the Fifth, Sixth and Fourteenth Amendments to the [United States] Constitution . . . when Mr. J. Pelphrey and Mr. L. Basham were dressed in distinctive prison garb and in restraints through their testimony before the petit jury in [P]etitioner's criminal trial.

7.    Petitioner was denied a fair and impartial jury trial due to cumulative errors of trial counsel, the prosecuting attorney, and the trial court.

JA 137-38.

On February 6, 2015, United States Magistrate Judge Dwane L. Tinsley, to whom the case was referred, entered his Proposed Findings and Recommendation, finding that Petitioner's claims were without merit and recommending that Respondent's Motion for Summary Judgment be granted. JA. 128-94.

## VI.    Petitioner's Objections to the Proposed Findings and Recommendation, and the Introduction of New Claims Within Those Objections

Petitioner filed his Objections to the Magistrate's Proposed Findings and Recommendation on March 10, 2015, presumably raising for the first time the six

11

original claims from his first state petition.[3] JA 195-217. Petitioner claimed that he suffered ineffective assistance of habeas counsel, arguing that Mr. Ayers "declined to present or explicate [P]etitioner's meritorious claims for relief predicated on trial counsel's six acts of omission." JA 201. Petitioner alleged that his claim arose under the United States Supreme Court's holding in *Martinez*, due to West Virginia's status as a state that typically defers adjudication of ineffective assistance of counsel claims until properly raised throughout the course of post-conviction proceedings. *Id*.

Petitioner also claimed that habeas counsel's failure to examine "the facts underlying the six acts of omission and present those claims for relief" resulted in a deficient review of trial counsel's conduct at trial, thereby depriving Petitioner of his constitutional right to effective assistance of counsel. JA 202. Petitioner made no argument as to how habeas counsel rendered ineffective assistance. *See* 201-02, 207.

In its Memorandum Opinion and Order accepting the Magistrate's Proposed Findings and Recommendation and overruling Petitioner's Objections, the district court found that Petitioner's new claims, raised for the first time in his objections, failed for three reasons:

---

[3] Petitioner failed to plead his new claims with any particularity, leaving the district court to guess the actual basis of his previously-unraised claims. *See* JA 252 at n. 19.

12

*First*, the district court found the claims to be poorly pled and without factual support. The district court opined that "[a]s Petitioner does not describe these alleged 'errors of omission,' the Court cannot identify them with certainty." JA 252 at n. 19. Still, the court determined that the "errors of omission" were most likely tied to the six errors raised in Petitioner's first *pro se* habeas petition (reprinted above in Section II). *Id.* Of the six "errors of omission," the court additionally determined that only two were previously adjudicated. *Id.* at n. 19.

*Second*, the district court found that Petitioner had outright ignored the magistrate court's earlier instruction regarding Petitioner's potential *Martinez* claims, and had failed to raise either those claims or the six "errors of omission" in his second Petition. The court identified that the dismissal of Petitioner's first § 2254 Petition, based upon a failure to exhaust state court remedies, "referenced the *Martinez* standard explicitly and stated that '[Petitioner] will have the opportunity to address the *Martinez* requirements in his new petition, should he choose to file one.'" JA 253 (citing *Samples v. Ballard*, No. 2:13-cv-11638, 2014 WL 1338562, * 10 (S.D.W. Va., Jan. 21, 2014)). The court then recognized that Petitioner chose not to raise an ineffective assistance of habeas counsel claim or any of the aforementioned "six errors of omission" in his second § 2254 Petition. *Id.* Still, in his Objections, Petitioner cited prior habeas counsel's ineffective assistance as a basis to excuse his procedural default of his newly alleged "errors of omission."

13

*Id*. The court reasoned that Petitioner had previously elected not to raise such claims and was not entitled to the review of his newly-issued claims or any related *Martinez* claims. *Id*.

*Third*, the district court determined that it had discretion to deny the review of claims Petitioner should have raised in his federal Petition. *Id*. In doing so, the court recognized that "the Fourth Circuit has not definitively resolved this question." *Id*. The court recognized that the Fourth Circuit had previously refused to address a similar argument. *Id*. (citing *United States v. Humphreys*, 194 F.3d 1306, *1 (4th Cir. 1999) (unpublished table disposition). The court also recognized that other circuits similarly refuse such arguments, finding that a petitioner either waives arguments raised for the first time in an objection to a magistrate's proposed findings, or that a district court has discretion to deny such claims. JA 253-54; *see also* JA 254 at n. 22. The district court's question regarding its discretion to deny review of Petitioner's new claims forms the basis of this appeal.

## SUMMARY OF THE ARGUMENT

Petitioner has failed to supply this Court with a convincing argument warranting the extension of *United States v. George* to instances where a federal habeas petitioner raises new claims for relief for the first time in his objections to a magistrate's proposed findings and recommendation. While *George* involved new

14

arguments raised in an objection to a magistrate's proposed findings and recommendation, the case is distinguishable from Petitioner's case. The magistrate in *George* had ruled on a motion to suppress evidence in a criminal matter, and the new objections were merely new arguments against suppression that the United States could properly have raised to the magistrate in the first instance. In contrast, this case involved federal collateral post-conviction review. Petitioner raised in his objections entirely new claims, never before raised in his federal collateral review proceedings, and which he could not have raised to the magistrate in the first instance unless he had sought permission to amend his Petition.

To circumvent these clear differences, Petitioner seeks to ignore the well-established terminology and procedures of federal habeas corpus jurisprudence. Petitioner does not deny that he raised new claims in his objections that he had not originally pled in his Petition, but rather attempts to elide the well-understood distinction between different habeas claims. Petitioner urges that different claims in support of a habeas petition are merely arguments in support of one overarching assertion of unlawful detention. That runs afoul of the entire foundation of habeas corpus pleading and procedure, the clear language of 28 U.S.C. §§ 2244 and 2254, and numerous prior rulings of the United States Supreme Court.

Critically, Petitioner can cite no case that supports his position. Every federal circuit court that has considered an issue similar to the issue on appeal has

found that a claim raised for the first time in response to a magistrate's proposed findings is either waived due to its improper nature or reviewable at the district court's discretion. This Court should follow either of those paths and affirm the district court.

The basis for waiver is three-fold. First, 28 U.S.C. § 2254 and the approved form for requesting relief require that a habeas petitioner specifically state and provide a sufficient factual basis for each of his claims. Second, AEDPA and United States Supreme Court precedent requires that the claims be timely and exhausted before a petition is reviewed on the merits. Third, when proposed findings are entered by the magistrate, the matter is usually all but resolved; arguments in support or opposition of each claim have been made, the entire record has been appended to the pleadings, and the merits of a petitioner's claims have been discussed at length.

To entitle a habeas petitioner *de novo* review of newly raised claims in an objection to proposed findings would effectively restart the proceedings and result in the adjudication of certain claims before others have been determined to be timely or exhausted. As such, this Court should hold that a Petitioner waives any claims that he fails to properly raise in his initial or amended pleadings.

Even if this Court decides that waiver is too severe a result, the district court should have discretion to deny review. Based upon the facts of Petitioner's case,

16

the district court's denial of review to the new claims raised by Petitioner was proper. Petitioner had been warned by the magistrate judge in a prior federal collateral review proceeding that he must properly allege his claims in his second habeas petition. Still, Petitioner failed to include any of his new claims until after the magistrate had rendered proposed findings in the underlying matter.

The district court also factually determined that Petitioner's skeletal claims were vaguely presented—to such a degree that the district court literally guessed the basis of Petitioner's alleged "errors of omission"—and were without any additional factual support. The court further indicated that the majority of Petitioner's claims were unexhausted, and reasoned that the late review of said claims would be inconsistent with AEDPA and the Magistrates Act, 28 U.S.C. § 636, in addition to being unfairly prejudicial to the Respondent.

In short, this Court may choose between multiple avenues which lead to the same destination. Based upon the underlying facts, the district court did not abuse its discretion by denying review of the claims Petitioner first raised in his objections to the magistrate's proposed findings and recommendation. On the other hand, this Court could properly find that Petitioner waived his new claims as a result of his improper and critically late assertion of such claims. In either event, the district court's denial of such claims should be affirmed.

17

## ARGUMENT

### I.    THE DISTRICT COURT IS NOT REQUIRED TO CONSIDER ISSUES RAISED FOR THE FIRST TIME DURING A HABEAS PETITIONER'S OBJECTIONS TO A MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDATION

#### A.    This Court's Holding in *United States v. George*, 971 F.2d 1113 (4th Cir. 1992) Does Not Control Petitioner's Case

Petitioner contends that *United States v. George* compels a district court to consider all new grounds for habeas relief first raised in objections to a magistrate's proposed findings. He is wrong. The facts of *George*, a criminal action, are distinguishable from Petitioner's case, a Federal collateral review of state post-conviction proceedings. In *United States v. George*, this Court found that arguments regarding the admissibility of evidence put forth by the United States following the entry of proposed findings entered by the magistrate judge as part of pretrial arguments during a criminal proceeding were proper for purposes of *de novo* review by the district court. *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992). This Court has never applied the holding of *George* to actions of habeas corpus.

Petitioner attempts to incorrectly and broadly apply the holding of *George* to dissimilar types of proceedings. In *George*, a criminal defendant filed two motions to suppress evidence seized by police in the course of a criminal investigation. *Id*. Following a hearing, the magistrate issued proposed findings and recommended

18

that the district court grant both of the defendant's motions to suppress. *Id*. Specifically, the magistrate found that the police officers' warrants lacked probable cause and failed to fall under any other form of good faith exception. *Id*.

In considering objections filed by the United States to the magistrate's recommendation, the district court refused to consider two new arguments in support of the admission of evidence seized as a result of the warrants. *Id*. *First*, the government argued that the defendant had no reasonable expectation of privacy in one of the areas searched (there, the tires and treads of the defendant's truck). *Id*. at 1117. *Second*, the government argued that items retrieved from the defendant's truck would have inevitably been discovered once the vehicle was impounded, thus triggering the inevitable discovery exception to the exclusionary rule. *Id*. The district court refused to consider these arguments on the ground that they had not been raised before the magistrate during the evidentiary hearing. *Id*.

On appeal, this Court overruled the district court's refusal to consider the government's new arguments. This Court found that a district court is obligated to conduct a *de novo* review "of an issue" following a magistrate's proposed findings and recommendation pursuant to the Federal Magistrates Act. *Id*.; *see also* 28 U.S.C. § 636(b)(1)(B). As such, "the party entitled to *de novo* review must be permitted to raise before the court any argument *as to that issue* that it could have raised before the magistrate." *Id*. (emphasis added). Put another way, "as part of

19

its obligation to determine *de novo* any issue to which proper objection is made, a district court is required to consider all arguments *directed to that issue*, regardless of whether they were raised before the magistrate." *Id*. (emphasis added).

*George* does not apply here because Petitioner did not raise new arguments related to an issue presented to the magistrate, but rather entirely new claims for habeas relief that he could not have raised before the magistrate. Specifically, Petitioner claims that prior state habeas counsel rendered ineffective assistance by failing to investigate and allege six "errors of omission" committed by trial counsel. These claims not only were not previously raised before the magistrate; the majority were never even raised or adjudicated in *any* post-conviction proceedings.

The differences between *George* and Petitioner's case are clear. In *George*, the United States raised new legal arguments to support an issue already raised before the court. But here, Petitioner seeks to raise an entirely new claim for habeas relief. Whereas the issue in *George* was a new argument to rebut a motion to suppress evidence, Petitioner's new claims are independent grounds for relief never before argued in any post-conviction proceeding, state or federal.[4]

---

[4] While Petitioner's six "errors of omission" were raised in his first state habeas proceeding, they were summarily denied by the circuit court and thus not adjudicated on the merits. Any potential *Martinez* claims related to those six "errors of omission" have never been raised.

20

Given the differences, it is unsurprising that this Court has never extended *George* to post-conviction proceedings. In *United States v. Humphreys*, this Court refused an argument that would have effectively extended *George* in the manner urged by Petition. This Court declined to require a district court to consider new claims raised by a habeas petitioner raises claims for the first time in his objections to a magistrate's proposed findings and recommendation, finding that a district court may properly decline to address such claims.[5] 194 F.3d 1306, *1 (4th Cir. 1999) (unpublished table disposition).

Extending *George* to post-conviction proceedings would result in immediate harm to post-conviction pleading requirements and practices. As explained below, there are very specific pleading, timeliness, and exhaustion requirements that apply to individual claims in federal habeas proceedings. To adopt Petitioner's argument would allow a petitioner to circumvent all of those requirements by waiting until well into the federal habeas proceedings to raise new claims. Thus, no federal circuit court within the United States currently mandates that a habeas petitioner is

---

[5] Other circuits have declined to unilaterally adopt or extend *George*. *See Freeman v. Cty. Of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998) (holding that a "district court should not be compelled to ignore that the parties had a full and fair opportunity to present their best evidence to the magistrate judge"); *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000) (reasoning that requiring "a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter. . . ."); *Williams v. McNeil*, 557 F.3d 1287, 1291-92 (11th Cir. 2009) (holding that a district court has discretion whether to consider arguments not raised before the magistrate judge).

21

entitled to *de novo* review of claims first raised in objection to a magistrate's proposed findings, and this Court should not be the first.

### B. There Is No Merit to Petitioner's Suggestion That He Has Merely Offered New Arguments in Support of a Previously Raised Issue

Petitioner attempts to shoehorn this case into *George* with semantic sleight of hand. In short, Petitioner proposes that this Court treat each individual claim for habeas relief as a mere argument for a single allegation that a petitioner is held in violation of various constitutional rights. Petitioner's proposed definitions cannot be squared with long-established habeas practice. They further clash with the approved form filing for § 2254 petitions within the various district courts throughout the Fourth Circuit and are entirely inconsistent with longstanding habeas corpus jurisprudence.

Petitioner attempts to evade the language of *George*—that "a district court is required to consider all arguments directed to that issue"—by arguing the general common usage and nomenclature of the terms "argument," "claim," "ground (for relief)," and "issue." In doing so, Petitioner outright ignores the relation of said terminology in reference to post-conviction proceedings. This Court's prior refusal to expand the limited application of *George* to habeas corpus jurisprudence is consistent with "the reality that a habeas corpus proceeding is neither a wholly criminal nor a wholly civil action, but rather a hybrid action that is

22

unique, a category unto itself." *O'Brien v. Moore*, 395 F.3d 499, 505 (4th Cir. 2005).

There are numerous examples where habeas claims are considered distinct grounds for relief. *First*, state prisoners who file a Petition for Writ of Habeas Corpus must do so using a pre-approved form. *See Petition for Relief from a Conviction or Sentence By a Person in State Custody (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)*, *available at* http://www.ca4.uscourts.gov/docs/pdfs/ao241.pdf?sfvrsn=8. As part of that form, a petitioner must specifically state each unique, independent ground for relief under 28 U.S.C. § 2254. Each individual ground serves as a separate claim that, if proven true, warrents relief. *See* 28 U.S.C. § 2254(d) ("[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to *any claim* that was adjudicated on the merits in State court. . . .") (emphasis added); 28 U.S.C. § 2254(e)(2) ("[i]f the applicant has failed to develop the factual basis of *a claim* in State court. . . .") (emphasis added). Contrast with Petitioner's assertion that "it can fairly be said that Samples' *pro se* habeas Petition presented a single 'claim' that he is in custody 'in violation of the Constitution or laws or treaties of the United States.'" Pet'r's Brief at 19.

23

*Second*, after a petitioner files a §2254 Petition, the district court must then determine if each claim is timely, exhausted, or procedurally barred. 28 U.S.C. § 2244(d)(1)(D) stipulates that a consideration regarding the period of limitation for habeas filings is "the date on which the factual predicate or *the claim or claims presented* could have been discovered. . . ." (emphasis added). This Court, in determining whether equitable tolling should be applied to a Federal collateral habeas corpus action, has previoulsy indicated that it is necessary to determine if "the plaintiffs were prevented from asserting their *claims* by some kind of wrongful conduct. . . ." *See Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000).

*Third*, the United States Supreme Court, in *Rose v. Lundy*, held that "[b]ecause a rule requiring exhaustion of *all claims* furthers the purposes underlying the habeas statute, we hold that a district court must dismiss such 'mixed petitions. . . .' *Rose v. Lundy*, 455 U.S. 509, 510 (1982). That habeas corpus jurisprudence treats each individual ground in a petition as a separate claim for relief strengthens Respondent's assertion regarding the inapplicability of *George* to cases of federal collateral habeas corpus proceedings.

If applied as Petitioner demands, through application of Petitioner's proposed terminology, the result of the district court's regognition of new claims would frustrate the timeliness, exhaustion, and finality concerns of Federal

24

collateral review proceedings. Petitioner would be excused from following the rules to amend his petition. Petitioner's new claims would automatically be made in a timely manner. Petitioner's claims would be at least partly adjudicated before an exhaustion determination is made. Petitioner would then have the opportunity to start over—as his new claims are unexhausted—in an attempt to fashion an entirely new pleading consistent with the magistrate court's opinion.

In short, Petitioner's request would eschew adherence to throughouly-developed habeas corpus jurisprudence. And so, the district court was not required to review Petitioner's claims, as *United States v. George* is inapplicable to proceedings under 28 U.S.C. § 2254.

## II. THE DISTRICT COURT SHOULD BE AFFIRMED BECAUSE PETITIONER EITHER WAIVED HIS NEW CLAIMS OR THE DISTRICT COURT PROPERLY EXERCISED ITS DISCRETION TO REFUSE TO CONSIDER THE NEW CLAIMS

### A. Petitioner Has Waived His New Claims by Raising Them for the First Time in His Objections to the Magistrate's Proposed Findings and Recommendation

This Court should follow the many courts that hold there is waiver if a habeas petitioner raises a new issue for the first time in objections to a magistrate's proposed findings. In its Memorandum Opinion and Order, the district court recognized that other Federal Circuit Courts who have considered the arguments presently at issue "universally" hold that a district court may deny review to grounds for habeas relief raised for the first time during objections to a

magistrate's proposed findings and recommendation. JA 254. Some of those circuits have held that a habeas petitioner waives any grounds he so fails to propely raise. *See Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate."); *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) ("By waiting until after the magistrate court had issued its findings and recommendations . . . Respondent has waived procedural default and exhaustion doctrine objections."); *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) ("Petitioner's failure to raise this [§2255] claim before the magistrate constitutes waiver."); *Ward v. United States*, 208 F.3d 216 (6th Cir. 2000) (unpublished table disposition) ("[Petitioner] had not raised this argument previously and a claim raised for the first time in objections to a magistrate judge's report is deemed waived."); *Marshall v. Chater*, 75 F.3d 1421 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

The foregoing circuits have expressly held that a Petitioner cannot neglect the proper assertion of his claims and then later be entitled to *de novo* review of his improperly asserted claims. Such is the case here. Petitioner, upon reading the Magistrate Judge's Proposed Findings and Recommendations—which liberally

26

construed his claims and yet found them to be without merit—suddenly asserts "six errors of omission" with little indication of such errors beyond ineffective assistance of habeas counsel. Petitioner put forth absolutely no facts in furtherance of his claims. Petitioner should not be allowed a second—in this matter, a third— chance to litigate claims that he failed to properly raise in his Petition for Writ of Habeas Corpus.

Petitioner's new claims should be subject to the same general waiver requirements for failing to properly raise and argue said claims within the mandated form for a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. Petitioner's new claims should be treated as waived for failing to address such claims in a Motion to Amend prior to the entry of the proposed findings or prior to the entry of the district court's Memorandum Opinion and Order. Petitioner has slept on his rights despite multiple opportunities to assert the same, even as a *pro se* litigant.

To mandate *de novo*—even discretionary—review of such bare-boned claims, alleged at a critically late stage of Petitioner's Federal post-conviction proceedings, would frustrate the purpose of expedited review under AEDPA and the benefit of case referral under the Magistrates Act. This Court should therefore find that Petitioner is not entitled to the review of his improper claims, as such

27

claims were effectively waived by their late entry in Petitioner's objections to the magistrate's proposed findings.

**B.    Even If the District Court Had Discretion to Consider Petitioner's New Claims, the District Court Did Not Abuse Its Discretion by Refusing to Do So**

Alternatively, even if the district court had discretion to review Petitioner's new claims raised within his objections, it did not abuse its discretion in denying the review of those claims. The remaining circuits which have decided upon this issue have indicated that a district court has discretion to decline to address claims first raised in an objection to a magistrate's proposed findings and recommendation. *See Walker v. Stinson*, 205 F.3d 1327, *2 (2d Cir. 2000) (unpublished table disposition) ("We note that the district court did not abuse its discretion in refusing to consider whether [petitioners] are qualifiedly immune from the First Amendment claim because they failed to raise this defense before [the magistrate]."); *Freeman v. Cty. of Bexar*, 142 F.3d 848, 851-52 (5th Cir. 1998) ("The best description of the district court's discretion is that it should be at least as broad as that conferred on the district court to determine motion for reconsideration of its own rulings."); *United States v. Howell*, 231 F.3d 615, 621 (9th Cir. 2000) ("Like the First and Fifth Circuits, we conclude that a district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation."); *Williams v.*

*McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) ("Thus, we answer the question left open . . . and hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."). The federal circuits that have determined that a district court has such discretion generally base their holdings on a determination that "the district court judge alone acts as the ultimate decisionmaker" in a case previously referred to an underlying magistrate judge. *United States v. Raddatz*, 447 U.S. 667, 680 (1980); *see also* U.S. Const. art. III, § 1.

Whereas the Sixth and Tenth Circuits deem any claim improperly raised during a magistrate's proposed findings and recommendation waived, and whereas the Second, Ninth, and Eleventh Circuits find that a district court has discretion to consider such claims, the First and Fifth Circuits take a more layered approach. There, a district court may either deem a late-raised claim waived or consider the claim if justice so requires. *See generally Cupit*, 28 F.3d 532; *Paterson-Leitch Co.*, 840 F.2d 985.

Importantly, the district court's refusal to review Petitioner's new claims did not amount to a scant denial of those claims. The district court listed several reasons why the late nature of Petitioner's claims precluded their review.

*First*, the district court noted Petitioner's refusal to comply with the rules despite the magistrate's earlier instruction during Petitioner's first federal Petition.

29

The court further found that "Petitioner elected not to raise either the ineffective assistance of habeas counsel claim or the underlying error of trial counsel in the § 2254 Petition now under review" despite the magistrate judge in Petitioner's prior Federal habeas proceedings explicitly informing Petitioner that he "will have the opportunity to address the *Martinez* requirements in his new petition. . . ." JA 253. And so, the district court properly weighed whether, in the interest of fairness, Petitioner should be afforded yet another opportunity to raise new claims. Ultimately, the court concluded that "[p]ermitting Petitioner to raise his *Martinez* claim at this point in the case would show disregard for AEDPA's timing requirements, defeat the purpose of the Magistrates Act, and unfairly prejudice the Respondent. . . ." JA 255. Such a finding resonates with the Ninth Circuit's reasoning in *Greenhow v. Sec'y of Heatlh and Human Servs.*, that "allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Greenhow v. Sec'y of Health and Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992).

Despite Petitioner's arguments that his claims are *Martinez* claims in nature, Petitioner ignores that his claims were denied review by the district court because of the improper manner in which they were raised. The district court did not deny

review of the claims because they were procedurally barred. The district court denied review of the claims because Petitioner, despite having one unexhausted Petition already dismissed by the court in an earlier proceeding, failed to properly raise his claims until eleven months after the filing of the immediately underlying Petition. Petitioner failed to adequately raise his new claims until after his other claims were found meritless by the magistrate judge. And then, Petitioner failed to adequately address or identify his claims in his objections to the magistrate judge's proposed findings.

*Second*, the district court recognized the skeletal nature of Petitioner's claims, noting that he merely "mentions, but does not specifically describe, six 'errors of omission' committed by trial counsel that allegedly deprived him of his right to effective assistance of counsel." JA 252; *see also* JA 252, n. 19. The district court actually reviewed the claims and determined that they claims were improper. Petitioner did not describe his alleged "errors of omission." Petitioner did not describe how prior habeas counsel was ineffective. He failed to supply any factual support as to his newly raised ineffective assistance of trial or habeas counsel claims. And, while Petitioner claims ineffective assistance of habeas counsel as a cause excusing his procedural default, he fails to adequately explain the way in which counsel's conduct was deficient. As a result, the district court could only guess as to which errors Petitioner referred.

31

*Third*, the district court noted that the majority of Petitioner's new claims were unexhausted. The court opined that Petitioner's claims had "taken on slightly different forms through the years of his post-conviction proceedings, . . ." but found that only two of Petitioner six "errors of omission" had been adjudicated. JA 252 at n. 19.

Ultimately, the district court found "it imprudent to extend *George*'s holding to a habeas case where the result effect would be to allow a habeas petitioner to elude AEDPA's filing deadlines by changing course after receiving an unfavorable ruling from the magistrate judge." JA 255-56. Respondent agrees. The district court did not abuse its discretion in denying review to Petitioner's new claims. This assertion is made all the more evident by the four-plus pages spent by the district court discussing the denial of Petitioner's claims. If this Court does not find that Petitioner waived his new claims, it should find that the denial of Petitioner's new claims, raised after the entry of the Magistrate Judge's Proposed Findings and Recommendation, are reviewable at the district court's discretion. In doing so, this Court should also find that the district court did not abuse this discretion.

## CONCLUSION

For the foregoing reasons, this Court should affirm the district court's denial of new claims asserted by Petitioner in his Objections to the magistrate judge's Proposed Findings and Recommendation.

Respectfully submitted,

PATRICK MORRISEY
ATTORNEY GENERAL

ELBERT LIN
SOLICITOR GENERAL

/s/ Shannon Frederick Kiser
Shannon Frederick Kiser
    *Assistant Attorney General*
    *Counsel of Record*
OFFICE OF THE ATTORNEY GENERAL
    OF WEST VIRGINIA
812 Quarrier Street, 6th Floor
Charleston, WV 25301
Telephone: (681) 313-4545
Email: Shannon.F.Kiser@wvago.gov

Date: September 2, 2016

33

## 1.   CERTIFICATE OF COMPLIANCE

1.   This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 7,735 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5), and the type style requirements of  Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Date: September 2, 2016          /s/ Shannon Frederick Kiser
                                 Shannon Frederick Kiser
                                 Assistant Attorney General
                                 Office of the West Virginia Attorney General
                                 812 Quarrier Street, 6th Floor
                                 Charleston, WV 25301
                                 Telephone: (681) 313-4545
                                 Fax: (304) 558-5833
                                 E-mail: Shannon.F.Kiser@wvago.gov

                                 Counsel for Respondent-Appellee

## 2.    CERTIFICATE OF SERVICE

I certify that on September 2, 2016, the foregoing document was served on the counsel of record for all parties through the CM/ECF system. One paper copy of this brief will be sent overnight to the Clerk of Court via Federal Express.

/s/ Shannon Frederick Kiser   September 2, 2015
Shannon Frederick Kiser    Date